NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0601n.06

No. 18-3020

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANDREA K. DRAKE; WILLIAM S. DRAKE, | ) | **FILED** |
| | ) | Nov 30, 2018 |
| Plaintiffs-Appellees, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DEPUY ORTHOPAEDICS, INC., et al., | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| Defendants, | ) | DISTRICT OF OHIO |
| | ) | |
| STEVEN M. JOHNSON, d/b/a THE JOHNSON | ) | |
| LAW FIRM, | ) | |
| | ) | |
| Appellant. | | |

BEFORE: KEITH, COOK, and LARSEN, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** This appeal arises from the district court's granting of Andrea Drake and William Drake's (collectively, "the Drakes") motion to enforce the Master Settlement Agreement ("MSA") that the parties entered into as a part of a multidistrict litigation ("MDL") action related to a hip implant recall. The parties dispute attorney's fees related to the Drakes' former attorney's brief representation of them. The parties disagree over the proper forum for the arbitration proceedings, due to the fact that the MSA and the attorney representation agreement both possibly provide for different forums. Steven Johnson ("Johnson"), the Drakes' former attorney, received an arbitration award from an arbitrator in Texas, over the Drakes' substantive and procedural objections. This award also comes after a Texas district court denied Johnson's motion to compel arbitration beforehand, finding it lacked personal jurisdiction over the

Drakes. After the award was issued, a different Texas district court refused to rule on Johnson's motion to enforce the arbitration award, and transferred the case to the United States District Court for the Northern District of Ohio, where the MDL was handled. In the Ohio district court, the Drakes brought a combined motion to enforce the MSA, and to vacate the arbitration award entered by the arbitrator in Texas. The district court granted the Drakes' motion to enforce the MSA, but declined to rule on whether to vacate the arbitrator's award, finding that the award is not binding on the district court. Johnson appeals the district court's order on substantive grounds. The Drakes argue that procedurally, *inter alia*, this appeal is not properly before the court because the district court's order is not a final order for purposes of appellate jurisdiction. We agree that Johnson's appeal is not properly before the court. In line with the analysis that follows, we **REMAND** this matter to the district court for it to consider the Drakes' motion to vacate the arbitration award and Johnson's motion to confirm the arbitration award.

## BACKGROUND

### I. Factual Background

a. Attorney Johnson's Representation of Drake in MDL

Plaintiff William Drake is a Minnesota resident. He is married to Andrea Drake, and has lived in Minnesota for approximately forty years. He received Articular Surface Replacement ("ASR") hip implants that were manufactured by DePuy Orthopaedics Inc., in both of his hips, at a hospital located in Minnesota. In 2010, DePuy recalled the ASR implants ("MDL Action") that Mr. Drake received. The Drakes learned of the recall through a television advertisement from a law firm representing persons who received DePuy ASR implants subject to this recall. Mrs. Drake called the number on the advertisement and thereafter began discussions with Johnson

through his law firm.  The Drakes did not know where the law firm was located when they initiated contact, but eventually learned that it was in Texas.  Other than a brief layover in a Texas airport, Mr. Drake has never been to Texas.

Between September 28, 2010, and January 19, 2012, Johnson's law firm contacted the Drakes through calls and letters approximately fifty-seven times, which generally resulted in the firm leaving voicemails.  During that time period, following six months of no direct contact from the Drakes, Johnson's law firm sent Mr. Drake a final letter, which stated that "[f]ailing to contact us may result in the closing of your file and the loss of your rights."  R. 10-3 at 6, Page ID # 252.[1] Five days later, on January 24, 2012, Mr. Drake signed the form contract (Attorney Representation Agreement, or "ARA") Johnson's firm had previously sent him. The ARA included an arbitration clause, stating that in the event of a dispute, arbitration would be held in Fort Worth, Texas.[2]

On November 28, 2012, Johnson was informed by the Drakes that they intended to terminate their ARA with him, and secure different counsel.  Shortly thereafter, Johnson filed a short-form complaint on behalf of the Drakes in the MDL Action in Ohio.[3]  Once the Drakes hired a local law firm to represent him, the new law firm[4] filed a complaint in Minnesota, and the case

---

[1] Citations to the district court record ("R.") refer to Case No. 1:13-dp-20140 (N.D. Ohio), unless noted otherwise.

[2] Paragraph 14 of the ARA states:

> Attorneys and Client agree that any dispute arising from the interpretation, performance, or breach of this Fee Agreement, including any claim of legal malpractice, but not including attorney disciplinary proceedings, shall be resolved by final and binding arbitration conducted in Fort Worth, by any other arbitrator that The Firm may choose.  Attorneys and Client further agree that judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter.

[3] *William Drake v. DePuy Orthopaedics, Inc., et al.*, 1:12-dp-24036 (N.D. Ohio).
[4] Meshbesher & Spence, Ltd., the law firm that currently represents the Drakes.

was transferred to the Northern District of Ohio court handling this MDL. Before Johnson dismissed the complaint he filed on behalf of the Drakes, he put the Drakes' new attorneys on notice of his attorney's fee lien on any recovery from the Drakes' MDL lawsuit. Johnson dismissed the case he filed with the following stipulation:

> The parties further agree and stipulate that this dismissal shall have no effect on Plaintiff's pending case in the United States District Court, Northern District of Ohio, filed by the law firm of Meshbesher & Spence, Ltd. on January 24, 2013 (Case No. 1:30-dp-20140).

> The Parties further recognize that the Johnson Law firm has asserted a claim on any recovery the Plaintiff may make for any injuries related to the DePuy ASR for the full amount of all monies that JLF is entitled to under the terms of its contract with the Plaintiff and that this dismissal shall have no effect on those claims.

R. 30 at 5, Page ID # 698 (citing Case No. 1:12-dp-24036, Doc. No. 3 (N.D. Ohio)).

## II.     Procedural Background

DePuy Orthopaedics, Inc. reached a settlement agreement with the plaintiff class in the MDL Action in November 2013, and the Drakes signed on to this settlement agreement shortly thereafter. The settlement agreement specifically outlines how disputes connected with the MDL Action are to be handled, which includes arbitration and the use of a Special Master and/or Claims Processor that have already been appointed through the MDL Action settlement process.

In an effort to litigate the fee dispute arising out of the MDL Action, Johnson initiated a JAMS[5] arbitration in Dallas, Texas on July 31, 2014. The next day, he filed an action in the Northern District of Texas, Fort Worth Division, to compel the Drakes to arbitrate in Texas.[6] R. 7-12 at 4, Page ID # 181. The Fort Worth district court dismissed Johnson's action for lack of

---

[5] JAMS is the largest private alternative dispute resolution ("ADR") provider in the world. *See* ABOUT US – JAMS MEDIATION, ARBITRATION AND ADR SERVICES, https://www.jamsadr.com/about-jams/ (last visited Oct. 31, 2018).

[6] Case No. 4:14-cv-00611-A (N.D. Tex.).

personal jurisdiction (*in personam*) over Mr. Drake.  The arbitration continued, despite and over the Drakes' objections to both the individual arbitrator selected and to the Texas forum.

On February 16, 2016, the Drakes initiated the ADR process regarding the parties' fee dispute, as dictated by the MDL Action settlement agreement, through Special Master Cathy Yanni of JAMS.  Two days later, Johnson again moved to compel the Drakes to arbitration in Texas, this time filing in a Dallas district court.  Special Master Yanni issued an order dismissing the Drakes' arbitration request on the basis that she did not have jurisdiction over the matter because it was already pending in a different forum with another JAMS arbitrator.  Shortly afterwards, before the district court in Dallas issued any substantive rulings, Johnson voluntarily dismissed that action.

The Texas arbitrator issued a final award in favor of Johnson on June 22, 2016 (later corrected for a typographical error and re-issued on July 7, 2016).  Of the Drakes' settlement award, the arbitrator authorized over sixty-two percent to be distributed to Johnson, Johnson's attorneys, and the JAMS arbitration process.[7]  Johnson then filed another action in the district court in Dallas, where he moved that the court confirm the arbitration award.  The Drakes then filed a motion to enforce the MDL Action settlement agreement and to vacate the arbitration award in the Ohio district court.  The Ohio district court granted the Drakes' motion to enforce the settlement agreement and did not reach the motion to vacate the arbitration award.  The next day, the Dallas district court *sua sponte* transferred Johnson's motion to confirm the arbitration award to be consolidated with the MDL case in the Ohio district court.  Johnson timely appealed the Ohio district court's order.

---

[7] The Drakes settled the first portion of their case (their Extraordinary Injury Fund claim is still possibly outstanding) for $561,750.  The arbitrator (Hon. Glen M. Ashworth) awarded Johnson $196,612.50, Johnson's attorneys $136,457, and the arbitration process $20,145.47.

## ANALYSIS

As a threshold matter, we must determine whether we have jurisdiction to address the issues raised in this appeal. Johnson argues that this court possesses appellate jurisdiction to hear his claims under either 28 U.S.C. § 1291, or the jurisdictional provision of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16. We disagree.

a. Final Appealable Order – 28 U.S.C. § 1291

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. A decision is final for purposes of § 1291 if the district court's decision "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). Johnson argues "that this appeal is from [the district court's] final order or judgment that disposes of all parties['] claims." Appellant Br. at 2. Further, he asserts that the district court implicitly ruled on the Drakes' motion to vacate the arbitration award when it found the award non-binding, thus resolving all of the issues before the Ohio district court. Appellant Br. at 11. In response, the Drakes argue that the district court did not rule on the arbitration award, there is no final order for us to review, and that "[a] plain reading of the Judgment shows that this case is in an interim stage." Appellee Br. at 9-10.

The parties dispute the proper forum to litigate their fee dispute, which has been complicated by an arbitration award entered in Texas. Here, the Ohio district court faced two separate tasks. First, it had to determine whether to enforce the settlement agreement reached by the parties in the MDL Action. Second, it had to resolve whether the Texas arbitration award

should be vacated.  The court decided the first issue by granting the Drakes' motion after analyzing why the MDL Action's settlement agreement required the parties to litigate their fee dispute through the MDL Action's pre-established process.

The district court did not decide the second issue.  It "[found] it unnecessary to address the motion to vacate the arbitration award as it has no binding effect on the resolution of fees in this case."  *See* 1:13-dp-20140, R. 30 at 16.  Regardless of whether the Texas arbitration award is binding on the MDL Action, the motion to vacate was one of the main issues before the court.  The district court's inaction left the issue of how to deal with the arbitration award unresolved, and its order is not a final resolution that ends the litigation on the merits.  As such, the district court's order was not a final order, and this court does not possess appellate jurisdiction under 28 U.S.C. § 1291.

b.  Federal Arbitration Act – 9 U.S.C. § 16(a)(1)(E)

Johnson also asserts that we maintain appellate jurisdiction under § 16(a)(1)(E) of the FAA, which provides that an appeal may be taken from any order "modifying, correcting, or vacating" an arbitration award.  Appellant Br. at 1; 9 U.S.C. § 16(a)(1)(E).

The district court took no action regarding the Texas arbitration award.  It is not disputed that the court did not modify or correct the award.  However, the parties dispute whether the court implicitly vacated it.  Johnson contends that finding the award to be non-binding is the same as vacating it; however, he cites to no authority.  Appellant Br. at 26.  The record is clear that the district court declined to address the Drakes' motion to vacate the arbitration award, and did not discuss the grounds for the vacatur of the arbitration award under 9 U.S.C. §§ 10 or 16.  The court also did not rule on Johnson's motion to confirm the award, which left his motion undecided.

Accordingly, we find that the district court's decision to not address the merits of the Drakes' motion to vacate the arbitration award, or Johnson's motion to confirm the same award, precludes this court from exercising jurisdiction over Johnson's appeal.

As such, this court does not possess appellate jurisdiction over this appeal through 28 U.S.C. § 1291 or 9 U.S.C. §16(a)(1)(E), and **REMANDS** this matter to the district court for further consideration in line with this opinion.

## ORDER

WHEREFORE, the court **REMANDS** this action to the United States District Court for the Northern District of Ohio to consider:

(1) Steven M. Johnson's Motion to Confirm Domestic Arbitration Award and Enter Judgment, filed on 8/18/16 in case no. 3:16-cv-01993-L (Doc. 7) and transferred from the Northern District of Texas to the Northern District of Ohio on 12/29/2017 under case no. 1:17-dp-20085-JJH; and

(2) Andrea K. Drake and William S. Drake's Motion to Vacate Arbitration Award filed in the Northern District of Ohio district court on 06/22/2016 in case no. 1:13-dp-20140-JJH (Doc. 7).